25CA1480 Peo v Melons 08-13-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1480
El Paso County District Court Nos. 22CR7 & 22CR153
Honorable Ericka F. H. Englert, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Troy Dion Melons,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE GOMEZ
Grove and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

Philip J. Weiser, Attorney General, Radhika M. Kattula, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee

Troy Dion Melons, Pro Se

¶ 1     Defendant, Troy Dion Melons, appeals the postconviction court's order denying his "Motion to Vacate Void Proceeding for Lack of Jurisdiction."  We affirm.

## I.     Background

¶ 2     A jury convicted Melons of violating a protection order, a class 1 misdemeanor.  It acquitted him of several other charges, including a class 4 felony.  At sentencing, the trial court imposed an eighteen-month jail term.

¶ 3     Roughly a year after he was sentenced, Melons filed a pro se motion titled "Motion to Vacate Void Proceeding for Lack of Jurisdiction."  He asserted a statutory speedy trial claim, stating that the trial court "acted outside the scope of [section] 18-1-405[, C.R.S. 2025,]" by bringing him to trial beyond the "six-month[] time limit."  And he asserted a claim of "[d]enial of effective and/or competent assistance of counsel" because his "court appointed attorney failed to inform him about critical elements of [the] charged offenses and/or the right to [a] speedy trial."

¶ 4     The postconviction court denied the motion in a written order, concluding that Melons pleaded not guilty to the charges in March 2022 and was brought to trial less than six months later, in August

2022. Accordingly, the court determined that Melons was tried within six months of pleading not guilty and, therefore, that "there was no violation of [section] 18-1-405." The court didn't expressly address Melons's claims of ineffective assistance of counsel.

## II.     Discussion

¶ 5     Melons appeals the postconviction court's order, reasserting his claim that his speedy trial right was violated because he was arrested at the beginning of January 2022 but wasn't brought to trial until August 2022 — more than six months after his arrest. He also reasserts his claims of ineffective assistance of counsel.

¶ 6     The People assert, and we agree, that a postconviction claim asserting a denial of a defendant's right to a speedy trial is properly asserted under Crim. P. 35(c). *See* Crim. P. 35(c)(2)(I) (permitting collateral attacks on convictions obtained or sentences imposed in violation of Colorado law); *People v. Owen*, 122 P.3d 1006, 1007 (Colo. App. 2005) (reviewing the denial of a Crim. P. 35(c) motion claiming the defendant was denied his statutory right to a speedy trial). Likewise, claims of ineffective assistance of counsel are properly asserted under Crim. P. 35(c). *See* Crim. P. 35(c)(3)(VIII); *People v. Canody*, 166 P.3d 218, 221-22 (Colo. App. 2007).

¶ 7     Reviewing de novo the postconviction court's decision to deny the motion without a hearing, *see People v. Cali*, 2020 CO 20, ¶ 14, we perceive no error in the court's ruling.

¶ 8     As the postconviction court noted, Melons entered his plea on March 22, 2022, and he was tried beginning on August 1, 2022, less than six months later. And section 18-1-405 only requires a defendant to be brought to trial "within six months from the *date of the entry of a plea of not guilty*." § 18-1-405(1) (emphasis added). Thus, the court didn't err in denying Melons's statutory speedy trial claim because the record refuted it. *See People v. Joslin*, 2018 COA 24, ¶ 4 (a court may deny a Crim. P. 35(c) claim without a hearing if the record refutes it).

¶ 9     Melons adds a constitutional dimension to his speedy trial claim for the first time on appeal. We don't address his constitutional argument, which wasn't developed in the motion under review and thus wasn't resolved by the postconviction court. *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) (declining to consider allegations that weren't raised in a Crim. P. 35(c) motion and weren't ruled on by the postconviction court).

¶ 10    Melons also asserts that his trial counsel was ineffective for failing to assert a violation of his speedy trial right. "By not objecting," Melons argues, "counsel lost a chance to argue a claim that would have succeeded." To the extent that this claim replicates the claim of ineffective assistance raised in Melons's motion, it fails because, as set forth above, no speedy trial violation occurred. Thus, notwithstanding the fact that the postconviction court didn't explicitly address this ineffective assistance claim, we reject it as a matter of law. Simply stated, it was not deficient performance for counsel to fail to argue a violation of Melons's statutory speedy trial right because such an argument would've been futile. *See People v. Marquez*, 739 P.2d 917, 919 (Colo. App. 1987) (the defendant didn't establish a claim of ineffective assistance of counsel based on his trial counsel's failure to move for dismissal on statutory speedy trial grounds where there was no violation of the speedy trial statute); *see also Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007) (To prevail on an ineffective assistance of counsel claim, "a defendant must prove that . . . counsel's performance was deficient and . . . the deficient performance prejudiced the defense."). And to the extent that Melons bases this

4

argument on an alleged violation of his constitutional speedy trial right, we decline to address it because it wasn't raised in or resolved by the postconviction court. *See Goldman*, 923 P.2d at 375.

¶ 11    Finally, Melons reasserts his claim that his trial counsel "fail[ed] to inform him about critical elements of [the] charged offenses." This claim fares no better because, both in Melons's motion and in his opening brief on appeal, it is too bare, conclusory, and vague to warrant a hearing. *See People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005) (A postconviction claim may be denied without a hearing "if the claims are bare and conclusory in nature . . . and lack supporting factual allegations."); *see also People v. Wallin*, 167 P.3d 183, 187 (Colo. App. 2007) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." (citation omitted)).

## III.    The Reply Brief

¶ 12    We note that, in his reply brief, Melons seeks to withdraw his appeal so that he may have the opportunity to further develop claims of ineffective assistance of counsel in the district court, which he refers to as the "correct venue" for such litigation, rather than in a direct appeal. We agree that a defendant should develop

claims of ineffective assistance in a postconviction motion filed in the district court rather than in a direct appeal. *See* Crim. P. 35(c)(3)(VIII); *Canody,* 166 P.3d at 221-22. Contrary to Melons's suggestion, however, this is not a direct appeal of the judgment of conviction but rather an appeal from the denial of his postconviction motion. The postconviction court appropriately denied relief in a final, appealable postconviction order. And Melons is not entitled to further develop claims that were inadequately raised in his postconviction motion. Thus, we decline to dismiss the appeal.

## IV.  Disposition

¶ 13      The order is affirmed.

JUDGE GROVE and JUDGE MOULTRIE concur.